

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-3955
Re: Should the salaries of the
court reporters mentioned be
paid on the basis of $3,000.00
per annum for the time served
in Nueces County only?

Your letter of September 12, 1941, requesting an opinion of this department on the above stated question reads as follows:

"In the recent session of Legislature there was granted for Nueces County the 94th District Court. This, then brought Nueces County under the above numbered Article, namely 2326B, in which it becomes mandatory that the official short-hand reporters in each judicial district in any County of this State, which consists of two or more judicial districts, shall receive the salary of $3,000.00 per annum.

"We have in Nueces County in addition to the official reporter for the 117th and the 94th district courts two additional court reporters, one for the 128th district court, which serves Nueces, Kleberg, and Kennedy Counties. We also have the Criminal district court holding court in Nueces, Kleberg, Kennedy, Willacy and Cameron Counties.

"It is the opinion of the writer that the salaries paid to the Court Reporters of these latter two mentioned courts should be

Honorable C. J. Wilde, Page 2

> paid for the time served in Nueces County
> on the basis of the reporters of both the
> 94th and 117th district courts. The re-
> porter for the 128th district court has a
> period of forty weeks in Nueces County.
> The reporter for the Criminal district court
> has a period of fifteen weeks in Nueces
> County.

> "Is it your opinion that the salaries
> of these court reporters be paid on the
> basis of $3,000.00 per annum for the time
> served in Nueces County only. This, of
> course, would not affect the salaries paid
> these reporters from the other counties in
> which they serve.

> "The writer personally believes as
> stated above that the reporters should be
> paid on these basis otherwise it would be
> discriminating to pay the reporters of
> those courts, who serve in Nueces County
> full time and receive the salary of $3,000.00
> and to pay the reporters in those courts
> which serve Nueces County only part time
> on the basis of $2,700.00 for the time
> served in Nueces County."

Articles 2326b and 2327a, Vernon's Annotated Civil
Statutes, respectively, read as follows:

> "Art. 2326b. The salary of the official
> shorthand reporter in each Judicial District
> in any county of this State which alone con-
> stitutes two or more Judicial Districts, in
> addition to the compensation for transcript
> fees as provided by law shall be $3,000.00
> per annum, to be paid as the salary of other
> court reporters are paid, out of the general
> fund of the county."

> "Art. 2327a. In each Judicial District
> of this State composed of one county only, and
> in which county there is only one District
> Court, and also in each Judicial District
> composed of two (2) or more counties, and also
> in each Judicial District composed of one county,

Honorable C. J. Wilde, Page 3

which county composes also a portion of another Judicial District, the salary of the official Court Reporter shall be Twenty-seven Hundred Dollars ($2700) per annum, in addition to the compensation for transcript fees and allowances for expenses now provided by law; said salary to be paid monthly by the Commissioners Court of the county or counties, out of the General Fund of the county or counties, upon the certificate of the District Judge; provided that in any Judicial District composed of two (2) or more counties said salary shall be paid by such counties of the District in proportion to the number of weeks provided by law for holding Court in the respective counties in the District; and provided that in a District wherein in any county the term may continue until the business is disposed of, each county shall pay in proportion to the time Court is actually held in such county; provided, however, that in Hays County, Texas, the Court Reporter shall be paid out of the Jury Fund of said county upon the certificate of the Judge of the District Court of said county.

"Provided further that nothing in this Act shall be construed as in any way repealing Article 2323 of the Revised Civil Statutes of 1925, nor Chapter 56 of the General Laws of the Regular Session of the Forty-first Legislature, 1929, nor shall this Act in any way repeal or amend any local or special law passed at the Regular or First and Second Called Sessions of the Forty-first Legislature of 1929."

Article 2326h was enacted by the 41st Legislature, Regular Session, 1929, p. 112, ch. 56, sec. 1. Article 2327a is a later statute, and was enacted by the 41st Legislature, Second Called Session, 1929, p. 97, ch. 59, sec. 1, and was amended by the 45th Legislature in 1937, p. 576, ch. 285, sec. 1.

Article 2323 of the Revised Civil Statutes of 1925, referred to in Article 2327a, supra, reads as follows:

Honorable C. J. Wilde, Page 4

"In case of illness, press of official work, or unavoidable disability of the official shorthand reporter to perform his duties in reporting proceedings in court, the judge of the court may, in his discretion, authorize a deputy shorthand reporter to act during the absence of said official shorthand reporter, and said deputy shorthand reporter shall receive, during the time he acts for said official shorthand reporter, the same salary and fees as the official shorthand reporter of said court, to be paid in the manner provided for the official shorthand reporter; but the said official shorthand reporter shall also receive his salary in full during said temporary disability to act. The necessity for a deputy official shorthand reporter shall be left entirely within the discretion of the judge of the court."

Chapter 56 of the General Laws of the Regular Session of the 41st Legislature, 1929, is Article 2326a, Vernon's Annotated Civil Statutes, and provides for expenses of all official shorthand reporters and deputy official shorthand reporters of the district courts of this State, and prescribes the manner of payment.

We think that Article 2326b, supra, with reference to the salary of the official shorthand reporter in each judicial district in any county of this State which alone constitutes two or more judicial districts, does not authorize a salary of $3,000.00 per annum for the reporters in the 94th or the 117th district courts. Apparently, this statute applies only where the county alone constitutes two or more judicial districts and which does not compose also a portion of another judicial district. It will be noted that Article 2327a, supra, specifically provides in part:

". . . also in each Judicial District composed of two (2) or more counties, and also in each judicial district composed of one county which county composes also a portion of another judicial district, the salary of the official court reporter shall be Twenty-seven Hundred Dollars ($2700) per annum, in addition to the compensation for transcript fees and allowance for expenses now provided by law; . . ." (Underscoring ours.)

69

The 94th and 117th judicial districts are each districts, composed only of Nueces County, but said county composes also a portion of another judicial district, namely, the 128th judicial district and also the criminal district court, both of said courts including the counties as above named.

Therefore, it is our opinion that the official shorthand reporter for each of the four above named district courts is entitled to the salary of $2,700.00 per annum, each, in addition to the compensation for transcript fees and allowances for expenses now provided by law. The salaries for the official shorthand reporters for the 128th district court and the criminal district court, or rather that portion of their salaries which is to be paid by Nueces County, should be determined on the basis of $2,700.00 and not on a basis of $3,000.00 each.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED NOV 5, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:SO



